| 90 | 455 |
| 135 | 561 |
| 90 | 455 |
| 147 | 467 |
| 90 | 455 |
| 76a | 415 |
| 90 | 455 |
| 210 | ²203 |

THE AMERICAN EXPRESS COMPANY

*v.*

EDWARD SPELLMAN.

1. CARRIER—*limiting liability by receipt given.* Where no receipt is given at the time a package is delivered to an express company for transportation, the company can not limit its liability by a receipt afterwards given, when the proof negatives all presumption of any knowledge on the part of the shipper that the receipt contained a clause limiting the carrier's liability, or that the carrier claimed any such limitation.

2. EVIDENCE—*inspection by jury of similar article used in shipping.* In a suit against a common carrier for the loss of a can of yeast, shipped to be used for distilling, by breaking or puncturing the can, through careless handling so as to let the yeast escape, there is no error in allowing in evidence a can similar to that in which the yeast was shipped, for the examination of the jury.

APPEAL from the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

Messrs. BENNETT & GREEN, for the appellant.

Mr. J. E. McPHERRAN, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The contest here is in regard to the liability of appellant for a can of yeast used for distilling, which it undertook to carry for appellee from Sterling, in this State, to Bellevue, in Ohio.

Three points are urged by appellant as grounds for reversing the judgment below: 1st. That by reason of appellee's failure to disclose the value of the package when it was delivered for carriage, appellant can be liable only for $50. 2d. The admission in evidence of a tin yeast can, claimed by appellee to be similar to the one in which the yeast in question was shipped. 3d. That the verdict of the jury is contrary to the evidence.

1st. Appellant claims to have proved by a production of a copy of the receipt which it gave to appellee for the package, that appellee contracted with it not to make any claim upon it beyond $50, the true value of the package not being stated in the receipt. The answer to this is, no receipt was given at the time of the delivery of the package. That, of which a copy was given in evidence, was given sometime afterwards, and the evidence negatives expressly all presumption of any knowledge on the part of appellee that the receipt contained a clause limiting appellant's liability as claimed, and that he ever had any knowledge that appellant thus claimed to limit its liability.

2d. We are unable to see how the production of the can before the jury could have prejudiced appellant. We think it was a matter within the discretion of the court. Appellant was at liberty to show that the can in evidence was not similar to the one containing the yeast; and it may be, the examination of the can enabled the jurors to have a clearer comprehension of the kind of can in which the yeast was shipped.

3d.   We see no sufficient cause to disturb the verdict upon the evidence.   We can not say the jury were unauthorized, on all the facts and circumstances proved, to find that the can was broken or punctured in careless handling so as to admit the escape of the yeast.

The evidence failing to show a contract, either express or implied, exempting appellant from its common law liability, and the finding of the jury that the contents of the can were lost through careless handling, not being clearly and palpably contrary to the evidence, the judgment must be affirmed.

*Judgment affirmed.*